IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                                   Case No. 2:13-CR-20035-001

THOMAS HAROLD MORGAN                                       DEFENDANT

## **COMPETENCY ORDER**

On August 5, 2013, the Court entered an order, pursuant to 18 U.S.C. §§ 4241(a)-(b) and 4247(b), that Defendant Thomas Harold Morgan undergo a psychological examination. The Court has now received and reviewed the results of that examination as set forth in a forensic evaluation report filed with the Court, with copies provided to counsel for both the Government and Defendant. In the report, the examining forensic psychologist states his opinion, based upon his evaluation of Defendant, that Defendant does not presently suffer from a mental disorder that would significantly impair his present ability to understand the nature and consequences of court proceedings against him or to properly assist counsel in his defense.

Upon careful review of the forensic evaluation report and the record as a whole, the Court finds that there is no reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). The Court finds, therefore, that a competency hearing, as allowed for by 18 U.S.C. § 4241(a), is not necessary or required.[1]

---

[1] Although 18 U.S.C. § 4241(b) authorizes the court to order a psychological examination "prior to the date of the hearing," the Court does not interpret that provision to *require* a hearing whenever a psychological evaluation has been ordered. "Rather, a district court's duty is the same even after a [psychological] evaluation, namely, to determine whether the evidence before the court

-1-

The Court's August 5, 2013 Order (Doc. 16) granted in part defense counsel's Motion to Determine Competency of Defendant (Doc. 15). That Motion made no specific request that a hearing be held upon completion of any evaluation ordered. However, if either party believes that grounds exist under 18 U.S.C. § 4241(a) that would currently warrant setting a hearing pursuant to the provisions of 18 U.S.C. § 4247(d), a motion for a hearing should be filed and will be promptly considered by the Court.

Based on the evidence currently before the Court, IT IS FOUND AND ORDERED that Defendant Thomas Harold Morgan is not presently incompetent to stand trial.[2] This case has been reset for jury trial by separate order.

IT IS SO FOUND AND ORDERED this 1st day of October, 2013.

*s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

mandates a hearing under the standard of § 4241(a)." *United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997).

[2] In accordance with 18 U.S.C. § 4241(f), the Court's finding that the defendant is mentally competent to stand trial "shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence" at trial.